## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **COLETTE D. SCHULTZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL NO. 05-523-WDS** |
| | ) | |
| **CHARLES S. NICE, NACARATO** | ) | |
| **TRUCK LEASING and BEACON** | ) | |
| **TRANSPORT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion to remand (Doc. 8) and defendants' motion for leave to file an amended notice of removal (Doc.19).  The parties have filed responses to the motions.

This case arises out of an automobile accident in November 2004 in which plaintiff was allegedly injured when the tractor-trailer that defendant Charles Nice was operating collided with her vehicle.  Plaintiff filed the original complaint in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.  The defendants, Nacarato GMC Truck d/b/a Nacarato Truck Leasing, Inc. and Beacon Transport, LLC, allegedly employed Charles Nice. On July 28, 2005, defendant Nacarato filed a notice of removal, seeking to remove the case based on diversity jurisdiction pursuant to 28 U.S.C. §1332, and defendants Nice and Beacon Transport filed a consent to the removal on the same day as the case was removed.   Thereafter, plaintiff filed a motion to remand, on the grounds that the defendants had not established that the amount in controversy is in excess of $75, 000 the amount required for this Court to exercise its diversity

jurisdiction under 28 U.S.C. § 1332.   The defendants filed a joint response to the motion to

remand and sought leave in that response to file an amended notice of removal to allow them to

conduct discovery into the plaintiff's injuries.  That request, in turn, has prompted objections by

the plaintiff, and yet another request to amend the removal petition to address the issue of the

citizenship of defendant Beacon Transport, LLC (See Doc. 29).  The Court will address the

motions collectively.

<u>**ANALYSIS**</u>

When a defendant removes a case from state to federal court, the defendant must

demonstrate to a "reasonable probability" that subject-matter jurisdiction exists. *Chase v. Shop*

*'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997); *Shaw v. Dow Brands, Inc*.,

994 F.2d 364, 366 (7th Cir.1993) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92,

97(1921)). 28 U.S.C. §1332 requires complete diversity of citizenship of all parties and an

amount in controversy greater than $75,000. *See* 28 U.S.C. §1332 (2000).

**A.**    **<u>Amount in Controversy</u>**

 28 U.S.C. § 1332 provides, "district courts shall have original jurisdiction of all civil

actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest or costs and is between citizens of different states."

The starting point in determining the amount in controversy is typically the face of the

complaint, where the plaintiff indicates the claim value in the request for relief. *Chase v. Shop N'*

*Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).  Therefore, to determine whether

the amount in controversy has been established, the Court may look to all of plaintiff's claims

because the $75,000 jurisdictional amount can be met by aggregating claims *see Snyder v.*

*Harris*, 394 U.S. 332, 335(1969), and must look to state law to determine whether this statutory threshold has been met. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352-53 (1961).

Plaintiff's complaint very carefully alleges damages in excess of $50,000 "as a result of the tortious acts of defendants."  The complaint is framed in three counts, one against each named defendant.  Each count asserts, inter alia, that as a result of the automobile accident the plaintiff suffered damage, specifically her injuries are listed as:  "muscles, ligaments, membranes, nerves and blood vessels of her chest, back and body were cut, torn and injured, . . . bruises and contusions to her body and limbs; injuries to the vertebra of her neck and back . . . ; her nervous system was greatly shocked . . . ; that her injuries are permanent; that she has suffered and will continue to suffer in the future, pain from her said injuries."   In addition, the counts each allege that she has had considerable medical expenses; lost wages; damage to future earning capacity; and  property damage.

Given the nature of these allegations and the aggregation of claims, the amount in controversy requirement for diversity jurisdiction is satisfied here, and it is fair and reasonable to find that the damages plaintiff alleges exceed the $75,000 threshold.  Therefore, the very allegation of the complaint precludes remand, because the complaint shows, to a reasonable probability, that the amount in controversy exceeded $75,000 at the time of removal. Accordingly, plaintiff's motion to remand on this ground is **DENIED**.

### B.    Diversity of Citizenship

The second requirement for diversity jurisdiction is that there must be complete diversity of citizenship.  One of the issues which has arisen in the multiple filings in response and reply to the motion to remand has to do with the citizenship of defendant Beacon Transport, LLC.   In

*Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691 (7th Cir. 2003) the

Seventh Circuit held that limited liability companies are citizens of every state of which any

member is a citizen. *See id.* at 692. When a defendant alleges diversity jurisdiction in a suit

involving an LLC, therefore, the defendant must state the citizenship of each member of the

LLC. *See id.* at 693.

In the instant case, the defendants' notice of removal did not indicate the citizenship of

each of the members of Beacon Transport, LLC. The defendant now seeks leave to amend its

notice of removal to indicate the citizenship of every member of Beacon Transport, LLC, and the

plaintiff has objected to that request.

A defendant may remove any civil action to federal court. 28 U.S.C. §1446(b) precludes

a defendant from removing a case more than thirty days after receiving the plaintiff's complaint.

28 U.S.C. §1653 provides for liberal amendment of defective allegations of jurisdiction. These

two statutes are in tension with each other. On the one hand, §1446(b) implies that a defendant

should not be freely allowed to change its notice of removal at any time. On the other hand,

§1653 allows for liberal amendment of defective allegations of jurisdiction. Courts have resolved

this tension by forbidding the addition of a new basis for jurisdiction outside the 30-day time

limit in §1446(b) but allowing a defendant to amend its notice to correct technical defects in a

basis for jurisdiction asserted in the original notice of removal at any time in keeping with

§1653.  As the Seventh Circuit stated in *Shaw v. Dow Brands,*  994 F.2d 364, 368-69 (7th Cir.

1992), "amendments to correct 'defective allegations of jurisdiction' are permitted under 28

U.S.C. §1653 at any time."

The plaintiff argues that a defendant may not amend its notice of removal to indicate the

citizenship of each member of Beacon Transport, LLC because 28 U.S.C. §1446(b) prevents substantive amendments to a notice of removal more than thirty days after the defendant receives the initial pleading. The plaintiff further argues that amending a notice of removal to indicate the citizenship of each member of an LLC is a substantive amendment and is, therefore, barred by 28 U.S.C. §1446(b).

The plaintiff raises two issues: (1) whether 28 U.S.C. §1446(b) prevents a defendant from making a substantive amendment to its notice of removal more than thirty days after it receives its initial pleading and (2) whether stating the citizenship of each member of an LLC for the purpose of proving complete diversity is a substantive amendment. While 28 U.S.C. does prevent a defendant from making substantive amendments outside of the 30-day time limit in §1446(b), stating the citizenship of each member of an LLC is not a substantive amendment. The defendant, therefore, should be allowed to amend its notice of removal in the instant case.

Courts have held that 28 U.S.C. §1446(b) prevents a defendant from amending its notice of removal to add substantive changes more than thirty days after the plaintiff has filed its initial complaint. In *Stein v. Sprint Commc'ns Co., L.P.*, 968 F. Supp. 371 (N.D. Ill. 1997), the court held that 28 U.S.C. §1446(b) prevents a defendant from amending its notice of removal by adding an additional basis for federal jurisdiction more than thirty days after the defendant received the complaint. *See id.* at 376-77.

In *Stein,* the defendant filed its notice of removal based on diversity jurisdiction within thirty days after receiving the complaint. A few months later, however, the defendant filed a motion for leave to amend its notice of removal so that it could assert federal question jurisdiction. The court characterized this assertion as "a new basis for removal[.]" *Id.* at 375. The

court stated that "a defendant may not amend its notice of removal after the 30-day limit in §1446(b) to remedy a substantive defect in the [notice]." *Id.* at 375.

As the court in *Stein* made clear however, substantive amendments are amendments that set forth an *entirely new* basis for federal jurisdiction. *Id.* In the instant case, the defendant seeks to amend its notice to correct a defect in the basis for jurisdiction it alleged in its original notice of removal, not to add a new basis for removal. This is not, therefore, a substantive amendment. Technical defects in allegations of jurisdiction, such as the citizenship of a party, may be corrected outside of the 30-day time limit specified in §1446(b). The Seventh Circuit has held that a notice of removal may be amended after the 30-day time limit in §1446(b) to correct "a technicality that doesn't go to the heart of jurisdiction." *Shaw,* 994 F.2d at 369. The court phrased the issue as whether the notice of removal "was so defective as to be incurable." *Id.*

The distinction between substantive and technical amendments is as follows: "although imperfectly pleaded, a party may amend its notice of removal to state the basis of the district court's jurisdiction … . On the other hand, where the jurisdictional base is not apparent from the face of the notice of removal, an amendment to add new jurisdictional allegations concerning that jurisdictional base will be denied as untimely." *Stein*, 214 F. Supp.2d at 376.

In this case, defendants have asserted diversity as the basis of jurisdiction in the original removal petition. Listing the citizenship of the members of the LLC would cure a technical defect for the basis of this court's jurisdiction originally asserted in defendants' notice of removal and would not set forth a new basis for the court's jurisdiction. Therefore, the Court **FINDS** that the proposed amendment is technical and not substantive, and rejects defendants' assertion that the plaintiff may not amend its notice outside of the 30-day time limit set forth in

- 6 -

§1446(b).

**<u>CONCLUSION</u>**

Accordingly, plaintiff's motion to remand is **DENIED** on all grounds.  Defendants'

motion for leave to file an amended notice of removal is **GRANTED** and the defendants shall

file their amended notice of removal within ten (10) days of the date of this Order.

**IT IS SO ORDERED.**

**DATED:   March 8, 2006.**


**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**